Paul A. MULLER, Plaintiff,

v.

OLIN MATHIESON CHEMICAL CORPORATION, Defendant.

United States District Court
S. D. New York.
March 22, 1965.

Curtis, Morris & Safford, New York City, for plaintiff; David E. Varner, Cushman, Darby & Cushman, Washington, D. C., of counsel.

McLean, Morton, & Boustead, New York City, for defendant; N. Dale Sayre, McLean, Morton & Boustead, New York City, Edward J. Mahler, New York City, of counsel.

LEVET, District Judge.

The present motion arises in an action under 35 U.S.C. § 146 to reconsider a decision of the Board of Patent Interferences adverse to the plaintiff Paul A. Muller in a two-party interference proceeding, No. 92,755. The interference was between plaintiff's application Serial No. 841,919 and defendant's patent 2,-954,036. The count of the interference is a claim copied by plaintiff from defendant's patent.

Plaintiff's application was awarded the benefit of the filing date of his prior patent application Serial No. 502,016, filed April 18, 1955. Defendant's filing date was June 3, 1958. Thus, plaintiff is the senior party and defendant the junior party.

The defendant alleged no date of invention prior to the filing date of the plaintiff. The Board of Patent Interferences, however, awarded priority to the

defendant on the basis that "the parties do not disclose and claim the same inventive process and Muller's [plaintiff's] application does not clearly support the count." (Opinion, p. 22)

This motion relates to interrogatories propounded by the plaintiff to determine whether the defendant-patentee derived the invention from the plaintiff. The defendant objects under Rule 33 of the Federal Rules of Civil Procedure to the interrogatories as irrelevant to the issues in the present action.

■■ The test of relevancy applied under Rule 33 is relevancy to the subject matter of the trial. Admissibility at trial and relevancy to the precise issues framed by the pleadings are not criteria. Rule 33 is interpreted liberally, but the trial court has discretion in establishing a reasonable standard. Transmirra Products Corp. v. Monsanto Chemical Co., 26 F.R. D. 572 (S.D.N.Y.1960).

The dispositive issue on this motion, therefore, is whether derivation of the invention is relevant to the subject matter of the action.

Rule 201(a) of the Rules of Practice of the United States Patent Office defines an interference as follows:

"An interference is a proceeding instituted for the purpose of determining the question of priority of invention between two or more parties claiming substantially the same patentable invention and may be instituted as soon as it is determined that common patentable subject matter is claimed in a plurality of applications or in an application and a patent."

■ The parties in an interference are required to allege the dates of various acts relating to proof of the date of invention. If no date is alleged by the junior party which is prior to the filing date of the senior party, there is no question of priority of invention. The senior party is the first inventor.

■■ If a junior party does allege a date prior to the filing date of the senior party, then priority can only be decided

by considering proof on the issue of when the junior party actually made the invention. Where two parties allege a single conception, the question of originality or derivation of the invention arises, i. e., did one party derive the invention from the other? Rivise & Ceaser, 1 Interference Law and Practice § 113 at 325 (1947); Deller, 2 Walker on Patents 892 (1937).

 The substance of plaintiff's contention is that derivation can be raised by it regardless of whether priority is in issue or whether his application supports the count. However, the purpose of an interference proceeding, as exhibited by Rule 201(a), supra, is to determine which of the parties who may rightfully make the common claim is the first inventor. Derivation is a mode of proving priority and is relevant only when there is a dispute as to who first made the invention in issue. Priority appears to have been an issue in the cases cited by plaintiff in support of the relevancy of derivation. e. g., Finch v. Dillenback, 121 F.2d 459, 28 CCPA 1171 (1941); Nielson v. Cahill, 133 USPQ 563 (Pat. Off. Bd. of Pat. Interferences 1961).

The question now becomes whether priority is an issue in this action. Since this action is a trial de novo, Shell Development Co. v. Pure Oil Co., 111 F. Supp. 197 (D.D.C.1953), evidence may be presented which was not presented in the Patent Office. The defendant did not allege a date of invention prior to plaintiff's filing date in the Patent Office proceeding. In the present suit the defendant has made a formal concession of priority stating that it "will not offer any evidence * * * of a date of invention prior to the filing date of plaintiff's application * * *." Therefore, priority is not an issue here. It follows then that derivation is irrelevant.

Bearing in mind that the plaintiff has priority, the question of whether derivation is relevant can be looked at differently. If, interpreting the count broadly, the plaintiff's application has a disclosure adequate to support it, then plaintiff prevails. Rajchman v. Herbert, 312 F.2d 926, 50 CCPA 995 (1963). There would be no need to consider derivation. If plaintiff's application does not support the count of the interference, the interference dissolves. See cases cited in Deller, supra, at 908–909. In the latter event, no dispute as to who was the first inventor of the subject matter of the count would exist. The plaintiff would not be an inventor of it at all and the defendant would prevail. Again, there would be no reason to consider derivation.

In conclusion, I find that the interrogatories in issue are not relevant to the subject matter of the action. The motion for an order sustaining defendant's objections to plaintiff's interrogatories is granted.

Settle order on notice.